JOHN CHEMOTTI et al., Claimants, v. STATE OF NEW YORK, Defendant. (Claim No. 28286.)

MICHAEL PEDERZOLLI et al., Claimants, v. STATE OF NEW YORK, Defendant. (Claim No. 28276.)

ARTHUR C. SADLER et al., Claimants, v. STATE OF NEW YORK. Defendant. (Claim No. 28288.)

Court of Claims, April 27, 1949.

*Raymond M. Bush* for claimants.

*Nathaniel L. Goldstein, Attorney-General (Arthur W. Mattson* and *Harold S. Coyne* of counsel), for defendant.

LOUNSBERRY, P. J. The claimants above named were given awards by this court, in a decision filed December 8, 1948, for damages resulting from the negligence of the State of New York in the operation and maintenance of the gates of a dam at Caughdenoy in the year 1945. On February 21, 1949, the State made application to reopen the trials of these claims for the submission of further evidence in the form of a release executed by the claimants' predecessors in title. By stipulation the trials were so reopened, and the release in question was received in evidence. On the strength thereof, the State seeks reversal of the judgments and dismissal of the claims, while the claimants ask that the release be set aside.

It develops that in 1926 and 1927 one Claude E. Sadler was the owner of all the lands which were owned by the above claimants in 1945 and damaged by water in that year. The Sadler premises were similarly damaged from the same cause in 1926 and 1927, and Sadler made claim against the State. Judgment in his favor in the amount of $100 was granted without opposition by the State on November 10, 1927, and the judgment provided " and claimant having offered to accept the sum of One Hundred Dollars ($100.00) without interest in full satisfaction of said claim, and claimant having offered in consideration of said award to release the State of New York from [quoting from the release] ' any future damages which may hereafter occur to the property and real estate mentioned in said claim and occasioned by the seepage or overflow from said canalized lake while the same

remains in its present condition so far as the structures and construction of the same is concerned, * * * Ordered and Adjudged, That CLAUDE E. SADLER, the above named claimant, recover herein against the State of New York the sum of One Hundred Dollars ($100.00), without interest, in full satisfaction of said claim, and also in full satisfaction of all damages coming within the scope of said release.' ''

In accordance with such judgment Sadler and his wife, on November 5, 1927, executed a release in favor of the State of New York, reciting the foregoing judgment, describing the real property, and providing '' Now, Therefore, We, the undersigned for and in consideration of the sum of One Hundred ($100.) Dollars in hand to be paid to us by virtue of and under said award do hereby for ourselves, heirs, executors, administrators and assigns fully release the State of New York, from damage, loss, cost, charges and expense occasioned by or arising out of the matter alleged and set forth in said claim and we further hereby release the said State of New York, from any future damages that may hereafter be occasioned to the real estate described in said claim filed as aforesaid and which future damage may arise from any seepage or overflow of said real estate while the said canalized lake and the structures thereon remain in the same condition as at present time, and It Is Further Agreed and Understood by and on behalf of the said Claude E. Sadler and Ida A. Sadler, his wife, that this release shall be construed and hereafter recognized as a covenant running with the land and shall be applicable and operative as against damage sustained to said real estate from the same cause, above set forth, whoever be the owner of the said real estate at the time of the occurrence of any such further damage, it being understood that the payment of the sum of One Hundred ($100) Dollars aforesaid shall operate as full satisfaction and payment for all damage sustained to said real estate or the appurtenances thereto which may at any time hereafter occur by whomever said premises may be owned.'' Such release was recorded in Onondaga County Clerk's Office November 12, 1927, in Book 576 of Deeds at page 327.

The claimants insist that the State cannot assert this release as a defense because it was not proved on the trial. It is true that it was not proved at the original trial, but it was admitted in evidence without objection upon the reopening of the trial. Such reopening was a valid exercise of this court's power (Court of Claims Act, § 9, subd. 8), and any technical defects in the procedure may be deemed waived by the acquiescence of the parties. It follows that the release was properly proved.

Claimants also insist that the release was without consideration, so far as future damage was concerned, the $100 award being simply for the 1927 damage. The language of the 1927 judgment, above-quoted, disposes of this contention, however. The award was clearly for present and future damage.

Finally, the claimants insist that the release did not and cannot constitute a covenant running with the land, irrespective of its recitation to that effect, and at best is merely a personal covenant by the original releasors, not binding on their successors in title. The complete answer to this contention, and the law of the case, we think is to be found in *Van Rensselaer v. Albany & West Stockbridge R. R. Co.* (1 Hun 507, affd. 62 N. Y. 65). There, the plaintiff's father, and predecessor in title, owned land on a steep hillside along which the defendant's railroad was built. The embankment slipped down, damaging adjoining land. Settlement was made and plaintiff's father executed a release to the defendant for the damage already occasioned, which provided further, " I do also, for the same consideration, and for myself, executors, administrators and assigns, hereby agree with said corporation, that if in consequence of the peculiar construction of said embankment or of the nature of the soil at the point where said embankment adjoins my land, landslides shall hereafter occur from said embankment, whereby earth or other material shall be deposited on my lot, that I will make no claim for damages therefor, and that I will, and my heirs and legal representatives shall consider the money this day paid by said corporation, compensation in full for all past and all future damage to my land, which has happened, or may hereafter occur in consequence of said embankment, and this instrument, a bar to all future claim."

After the plaintiff became owner of the land another slide occurred, and he brought action therefor. The General Term in an able opinion by Judge BOARDMAN, held that the release, even though cast in the form of an agreement rather than a grant, was effective to impose a servitude of the land which bound the successors in title and barred the action. The Court of Appeals concurred fully in this conclusion.

There is no reasonable distinction between the *Van Rensselaer* case (*supra*) and the one now under consideration. The only significant difference is that the Sadler release indicates more clearly than the Van Rensselaer release an intention that the instrument impose a servitude running with the land. Furthermore, it was an instrument of record, presumed to be known to the successors in title.

We hold that the release was effective to bar recovery in the above-captioned claims, and direct that the memorandum decision, dated December 3, 1948, herein, be annulled, vacated and set aside and that judgments be entered dismissing said claims.

Submit order accordingly.