Howard T. Hogaet, J.
In this action to enjoin defendants from channeling and diverting surface waters from a town road onto plaintiff’s property, the issue of the validity of a release of claim for damages, pleaded as an affirmative defense has been set for separate trial before this court.
Plaintiff is the owner of 12 acres of land with a frontage of 300 feet on Pine Boad in Syosset, in the town of Oyster Bay. Pine Boad is a public town highway. It is alleged that it is so constructed and maintained that surface and rain water drain upon plaintiff’s property causing substantial damage, for which the defendant is liable.
*925 The release in question was granted to the defendant town by a predecessor in title of the plaintiffs in 1938 in conjunction with a release of certain premises owned by it, for a public highway. It read as follows:
RELEASE OF DAMAGES
WHEREAS, Syosset Park, Inc., lias released simultaneously unto the Town of Oyster Bay, for highway purposes, certain property in said release described and designated as Pine Road, Syosset, and
WHEREAS, Syosset Park, Inc., is the owner of all the land and premises abutting on said Pine Road, and
WHEREAS, the Town Board of the Town of Oyster Bay is willing to accept the aforesaid release of Pine Road for highway purposes upon a compliance with Section No. 171 of the Highway Law of the State of New York,
NOW THEREFORE, in consideration of the sum of One Dollar and divers other good and valuable considerations, the said Syosset Park, Inc., does for itself, its successors and assigns, HEREBY RELEASE the Town of Oyster Bay of and from any and all damages by reason of the laying out and grading of said Pine Road.
SYOSSET PARK, INC.,
By [signed] Alexander Ritchie.
These releases were filed in the office of the clerk of the Town of Oyster Bay but neither was ever filed or recorded with the clerk of Nassau County. It is plaintiff’s contention that the release of claim for damage has no binding effect upon it for the following reasons: (1) it was neither a successor nor an assign of the corporation which executed the instrument (2) the release related only to claims existing between the parties at the date of the execution thereof and did. not contemplate future claims, and (3) since it was not recorded in the office of the clerk of Nassau County, it will not now bind an innocent purchaser for value.
As to the last contention, defendants argue that a release of this nature need be recorded only in the office of the town clerk, pursuant to section 171 of the Highway Law. There it is provided that when a town superintendent, upon written application and with the written consent of the Town Board, makes an order laying out a highway, he shall file and record in the town clerk’s office, together with such application, consent and order, a release from all damages from the owners of lands taken or affected. This, it has been held, supersedes the general recording statute, and compliance would be sufficient to put all subsequent owners on constructive notice of the terms of the release.
However, the same section of the law provides an alternative method of dedication, which apparently requires the filing and recording only of a release of land, and makes no mention of a *926 release from damages. Defendants have offered no proof as to which method was followed in 1938, and without such proof they have not sustained this affirmative defense.
In any event, however, the court finds that the language of the release in question is too ambiguous to bind this plaintiff. It holds that in the absence of any words indicating an intent to relieve the town from damages which might arise in the future, the parties intended only the release of those damages which might occur in the original laying out and grading of Pine Road. It would have been a simple matter to have framed the release so as to cover all damages, present and future, and to provide that it be a covenant running with the land (see Chemotti v. State of New York, 194 Misc. 899). In the absence of such clear and unequivocal language the court will not strain to construe this instrument so as to bind one who was not a party to it.
In view of this determination it is unnecessary to decide if plaintiff was a successor or assign of Syosset Park, Inc.
The foregoing are the facts found by the court and constitute its decision as required by section 440 of the Civil Practice Act.