William R. Brennan, Jr., J.
In this special proceeding under section 197 of the Highway Law, applicants seek the appointment of three commissioners to assess damages to their prop *490 erty allegedly resulting from a change of grade of the abutting town highway.
The Town of Hempstead raises separate defenses, the first of which is in effect a general denial, and the remaining of which are: a failure of petitioners to appear for an examination on their claim; their failure to present a verified claim within the time limited therefor; a release, and a denial that petitioners were legal abutting owners entitled to the benefits conferred by the Highway Law.
The general denial does not appear to be seriously urged. The town admits that the change of grade of the highway in question was effected by the authorities of the town pursuant to a contract awarded to Hendrickson Brothers on April 24, 1959. This admission is sufficient, unless any of the other defenses are valid, to require the appointment of commissioners without the necessity of a hearing (Matter of Kruger [Town of Hempstead], 283 App. Div. 1110). Before proceeding to determine the merit of the remaining defenses, it is necessary to set forth the facts which are either admitted or uncontested by the answer, return and affidavits, or proven by documentary evidence.
On April 14, 1958 one Michael Libero was the record owner of the allegedly damaged property and on that date a petition bearing his name (although the validity of his signature is seriously questioned) was submitted to the town authorities, requesting the improvement and releasing the township from any damages resulting from the proposed change of grade. On April 10, 1959 Libero conveyed the premises to the petitioner, Vito Falcone. The other applicants, Mr. and Mrs. Oataldo, took up residence at the premises in the Summer of 1959, but did not take title from Mr. Falcone, brother of Mrs. Oataldo, until December 4, 1959. On February 2, 1960 Mr. Falcone executed an assignment to Mr. and Mrs. Oataldo of any and all claims he may have had under section 197 of the Highway Law.
The contract awarded to Hendrickson Brothers on April 24, 1959 was for an improvement which was only a part of a much larger project, the particular improvement being referred to as “ Part I ”. The actual work under Part I of the project started on May 12, 1959 and was not physically completed until November 13, 1959 when 100 linear feet of roadbed was added to the work on Hamilton Avenue. The grading on Audubon Boulevard, the highway in question, was commenced on June 5, 1959 and completed on or before October 23,1959. After completion, however, and at the request of the applicants the town instructed the contractor and the contractor did, on November *491 9, 1959, place a truckload of dirt fill on the property of the applicant which was spread to form a ramp from the sidewalk to her driveway. On January 8, 1960 applicants served upon the town a notice of claim under section 197 of the Highway Law and on January 15, 1960 the town authorities served upon the applicants by mail a subpoena pursuant to sections 34 and 120 of the Town Law returnable on February 9 before the Town Comptroller. Applicants did not appear on the return day, although an excuse is alleged, and this proceeding was commenced by service of the notice of motion on March 3, 1960.
The contention of the town that the claimants must submit to an examination as á condition precedent to maintaining this proceeding is without merit. Section 50-e of the General Municipal Law has no application to a claim under section 197 of the Highway Law, as such a claim is obviously not “ founded upon tort.” It is quite apparent that the 90-day provision of the former statute and the 60-day provision of the latter contemplate different and incompatible procedures. Nor does it appear that section 120 of the Town Law, imposing certain auditing duties upon the Town Comptroller with incidental power to examine witnesses and to issue subpoenas “ except as otherwise provided by law ”, was designed to include a claim under section 197 of the Highway Law. The latter section is unique, and sets forth within its own four corners the entire procedure to be followed. As the Court of Appeals pointed out in Matter of Levine (Town of Fallsburgh) (287 N. Y. 243, 246): “ Damages to be thereby demanded will be unliquidated and can be awarded only through the procedure directed by the statute. No particular data are specified as necessary to a statement of the claim, the reason being, as we suppose, that one party will know' as well as the other whether the essential facts have taken place.” (Emphasis supplied.) Assuming arguendo that section 120 of the Town Law does apply, however, that statute makes no provision prohibiting the maintenance of this proceeding because of a failure to submit to examination (cf. General Municipal Law, § 50-h, subd. 5, and, also, Town Law, § 67). The claim was filed and no agreement to settle the claim was reached within 30 days. Under the applicable statute, this is sufficient to authorize the institution of the proceeding.
The town also claims that since the work on Audubon Boulevard was completed on October 23, 1959, the notice of claim served on January 8, 1960 was not filed as required by the statute ‘ ‘ within sixty days after such change of grade is effected.” Thus, the court is urged to treat the contract as severable for the purpose of the limitation provision, so that *492 different time limits would apply to different affected owners in the area depending upon when particular work was done in front of particular property. The court is constrained to hold otherwise. The contract covering the entire project is the proper standard to be used and it is conceded that the contract involved in this proceeding was not physically completed until November 13, 1959. This holding is in accord with the authorities. (Matter of Opladen v. Town of Islip, 172 Misc. 726; Matter of Homburger v. Village of Saranac Lake, 213 App. Div. 45; Matter of Cibulas v. Village of Menands, 32 N. Y. S. 2d 361, affd. 263 App. Div. 763.) This holding is also consistent with the establishment of the date from which interest on damages for a change of grade runs under section 198 of the Highway Law. (See Matter of Crane v. Craig, 230 N. Y. 452.)
We find it unnecessary to determine the validity of the signature of applicants’ predecessor in title on the release. Such a release, unrecorded, and of which the applicants were apparently unaware at the time they took title, and which did not by its terms purport to run with the land or to bind successors in title, is personal and cannot be used by the town as a defense to the claim for damages for a change of grade effected subsequent to its execution. (Pine Drive Associates v. Town of Oyster Bay, 11 Misc 2d 924.)
The final contention of the town is difficult to comprehend. It maintains that since the applicants Cataldos were not record owners on the date the change of grade was effected, they cannot recover, and with that contention the court agrees. But it also maintains that because the applicant Falcone, the record owner at the time the change of grade was effected, had ceased to be the record owner on the date the claim was filed, he too is barred from recovery. Falcone was, on November 13, 1959 and thereafter, entitled to the damages resulting from the change of grade, rights conferred by section 197 of the Highway Law. He did not lose those rights by selling the property, and the proceeds of his rights were freely assignable.
The application is accordingly granted and the commissioners will be appointed.