■ TOPAT EQUIPMENT CO., INC., Respondent, v WILLIAM H. PORTER, Doing Business as PORTER REAL ESTATE, Appellant.—Order unanimously affirmed, with costs. Memorandum: On this appeal William H. Porter, doing business as Porter Real Estate (Porter), claims that as a result of the August, 1974 release, summary judgment should be awarded him dismissing Topat Equipment Co., Inc.'s (Topat) complaint and that the release should also bar Topat's claim for summary judgment. We disagree. We conclude that there were here involved two separate and distinct claims between Topat and defendant-appellant Porter. The first was a claim for $10,858 for snowplowing services rendered by Topat at the Northern Lights Shopping Center occupied by K-Mart Stores, a portion of which shopping center was at the time managed by Porter. This claim was presented by Topat to Porter on December 24, 1973 and later compromised and settled between the parties in the amount of $5,500 by a written agreement dated February 1, 1974 accompanied by a $1,500 payment, followed by a $1,000 payment on February 11, 1974 which reduced the principal owed from Porter to Topat to $3,000. The second was a release obtained in August, 1974 in the amount of $45,000 running from Topat to Cicero Mall Associates, Westminster Properties, Inc., and Porter "arising out of a certain claim for work, labor and services and materials furnished between August 1, 1973 and December 31, 1973, originally in the amount of $126,154". A release is construed as a general release barring any and all claims against the party released only when the parties so intend it to be and, in construing a release, it should be given a reasonable construction in accordance with the meaning that the wording of the instrument clearly purports. Thus, in determining what claims or causes of action are covered by a release much depends upon the purpose for which it was executed. "So if, from the recitals therein or otherwise, it appears that the release is to be limited to only particular claims, demands, or obligations, the instrument will be operative as to those matters alone, and will not release other claims, demands or obligations" (49 NY Jur, Release and Discharge, § 33, p 405). Thus, the general words of release are limited by a recital of a particular claim. This second claim and the release obtained thereon related solely to debts incurred by Cicero Mall Associates in the erection of a shopping center at Clay, New York. The

compromise and settlement agreement of February, 1974 for snowplowing services at Northern Lights Shopping Center which is the subject of the motion for summary judgment by Topat for its $3,000 balance is totally unrelated to the $45,000 release obtained in August, 1974 on the indebtedness for work at the shopping center at· Clay, New York. It is reasonable to conclude that if the parties intended the snow removal claim to be released, they could readily have expressed such an intent in the instrument. Further, Topat served a summons and complaint on October 10, 1974 for its claimed $3,000 and Porter merely interposed a simple denial on October 24, 1974 without claiming the bar of the release it had obtained several months earlier. Such failure supports the belief that Porter knew that the release it had obtained from Topat was not intended to cover the snow removal work at Northern Lights Shopping Center. We conclude, therefore, as did the courts below, that there is no triable issue of fact requiring a trial, and that summary judgment was properly granted to Topat. (Appeal from order of Onondaga County Court affirming judgment of Syracuse City Court in action for breach of contract.) Present—Moule, J. P., Cardamone, Simons, Mahoney and Goldman, JJ.