■ McGRAW ENTERPRISES, INC., Appellant, v CRITIC-HENRIETTA, INC., Respondent.—Judgment unanimously reversed and matter remitted to Supreme Court, Monroe County for further proceedings in accordance with memorandum, with costs to abide the event. Memorandum: In 1968 the State of New York appropriated a portion of the lands leased to respondent Critic-Henrietta, Inc. (Critic) and others by petitioner McGraw Enterprises, Inc. (McGraw). Following the appropriation, McGraw and Critic and the other tenants joined together and negotiated a settlement of $1,100,000 with the State, which was divided among the claimants in various amounts as they agreed. The payment to Critic was $268,900 and McGraw received $562,000. In conjunction with the settlement, Critic executed a general release to the State of New York. In 1972 McGraw commenced this proceeding to remove Critic from that portion of its premises which was not appropriated, and obtain a judgment for $39,000 in unpaid rent. Critic interposed a counterclaim asserting that the appropriation resulted in a partial eviction and that it was entitled to an abatement of the rent due. McGraw's reply set forth three affirmative defenses, each of which involved the payment received by Critic from the State, alleging accord and satisfaction, discharge and release. Both parties moved for partial summary judgment. Special Term treated Critic's motion as one for a declaratory judgment (CPLR 3001) and determined, inter alia, that the release executed by Critic in order to receive its portion of the settlement with the State, did not release McGraw, and that Critic was entitled to a claim for an abatement of rent from the time of the appropriation. Thereafter, the parties entered into a stipulation which provided in pertinent part as follows: "2. The Landlord, McGraw Enterprises, Inc., agrees to a dismissal of the appeal from the order

of Judge Ark without costs, but this stipulation shall not be construed as a waiver of any rights of an appeal from any final judgment in this matter, which rights are reserved. 3. That a trial of the remaining issues in this matter will be held on a day certain". Critic's contention that the stipulation bars an appeal from the declaratory judgment is not supported by its language and is without merit (see CPLR 5501, subd [a]; 11 Carmody-Wait 2d, § 72:14; 10 Carmody-Wait 2d, § 70.324). McGraw claims that Special Term erred in declaring that the release, given by the parties to the State, did not release it from the claims of Critic. The instrument is a combined release given by both parties to the State in order to settle their present and future claims against it, for the appropriation of certain properties, in exchange for the payment of compensation. Its purpose was accomplished by Critic assigning all of its rights to compensation from the State to McGraw in order that payment could be made by the State to McGraw, and then to Critic. McGraw's reliance upon *Matter of Schaeffer* (18 NY2d 314) is misplaced. There a release, contained in a Surrogate's decree which directed payment of the balance of the assets of the decedent's estate to a bank "in full satisfaction of the claim," was held to relieve the estate of further liability and estop the bank from claiming subsequently acquired assets. Unlike the circumstances here, the party estopped in *Matter of Schaeffer (supra)* executed a direct release to the other party in unequivocal terms. The present release ran from the parties, jointly, to the State. A release must be interpreted in light of the controversy being settled and the purpose for which it was actually given; it "may not be read to cover matters the parties did not desire or intend to dispose of." *(Cahill v Regan,* 5 NY2d 292, 299; see *Topat Equip. Co. v Porter,* 50 AD2d 1098.) This release evinces no intent that it was designed to resolve the issue presented. Nor is *Great Atlantic & Pacific Tea Co. v State of New York* (22 NY2d 75) applicable as to the meaning of the release inasmuch as the release here was the subject of negotiation and not a full litigation and judicial determination. Accordingly, Special Term properly declared that the instrument did not release McGraw from any claim by Critic. Although the Special Term decision stated that Critic was "entitled to an abatement of rent" and that McGraw was entitled to a hearing to determine the amount of rent "less the amount of abatement the respondent is entitled to", its order provided that Critic was "entitled to a claim for an abatement" and that McGraw was entitled to the amount of the rent "less the amount of such abatement, if any, that the respondent may be entitled to." After considering Special Term's order and the decision, the trial court erroneously concluded that its function was limited to a determination of the amount of the abatement and not whether Critic was entitled to an abatement. This view was inconsistent with Special Term's order, which was unambiguous and which controlled its adjudication. The trial court's interpretation constitutes reversible error inasmuch as it resulted in the elimination of a crucial issue contrary to McGraw's interests. The final issue concerns the applicability of 22 NYCRR 1024.24 to the instant proceeding. Though the court admitted the appraisal report of McGraw's expert during the trial, it reversed that ruling in its decision on the ground that the "report does not conform to * * * 22B NYCRR 1024.24". We conclude that the court erred here also. The rule is entitled "Exchange of appraisal reports in condemnation, appropriation, and tax assessment review proceedings", thereby limiting its applicability. Although an issue arose in this proceeding concerning the value of condemned property, the determinative issue is the amount of rental abatement, if any, due Critic. Moreover, Critic's attorney waived compliance with the rule. In

view of the errors, this matter should be remitted for the purpose of determining whether there is a right to an abatement of rent and if so, the amount thereof. (Appeal from judgment of Monroe Supreme Court—real property, rent.) Present—Marsh, P. J., Moule, Cardamone, Mahoney and Dillon, JJ.