■ BRADLEY REALTY CORPORATION, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 53642.)—Order unanimously affirmed, with costs. Memorandum: During the investigation of a triple homicide, the State Police received information that the weapon involved might be found at the bottom of the Black River beneath the Court Street Bridge in the City of

Watertown. State Police scuba divers searched the area but the dives were hazardous because of lack of visibility and a swift current. The police decided that the opening of the Taggart Paper Mill Dam, located downstream, would facilitate the search by lowering the level of the water in the vicinity of the bridge. Claimant owned the southerly half of the dam, as well as certain improved and unimproved real property along the south bank of the river. The police contacted the claimant and at their request, an officer of the claimant corporation executed an affidavit granting them permission "to release the waters in the Black River at a point in the said river known as the Taggart Paper Mill Dam" and releasing the State "from any liability resulting from such action." Thereafter, in August, 1968 a portion of the southern half of the dam was removed by blasting. Claimant alleges that in May, 1969 its property was damaged by reason of the diversion of the water flow caused by the partial destruction of the dam. The State generally denied the allegations of the claim and also raised the release as an affirmative defense. We are concerned here solely with the affirmative defense, which was tried separately upon the agreement of the parties. The State appeals from the order of the Court of Claims denying its motion to dismiss the claim based upon the affirmative defense of release. In the absence of clear and concise language, an instrument purporting to exempt a party from liability for injuries which may occur in the future, will be strictly construed against the party asserting it as a defense (*Kaufman v American Youth Hostels*, 13 Misc 2d 8, mod on other grounds 6 AD2d 223, mod on other grounds 5 NY2d 1016), particularly where it seeks to bar liability for the failure to exercise ordinary care (*Boll v Sharp & Dohme*, 281 App Div 568, affd 307 NY 646). In order to determine the extent of the State's exemption from liability, the intention of the parties with respect to the purpose of the instrument must be considered in light of the circumstances existing at the time of its execution (*Cahill v Regan*, 5 NY2d 292; *Murphy v City of New York*, 190 NY 413). Although this release is general in form, it will not relieve the State from claims which were not within the contemplation of the parties at the time of its execution (*Barry v Lewis*, 259 App Div 496). Nor will it preclude recovery for injuries to land which occur long after the time anticipated in the release for the completion of the work to which it relates (*Pine Drive Assoc. v Town of Oyster Bay*, 11 Misc 2d 924). The testimony elicited shows that the damage upon which this claim is based was not contemplated by the parties (see *Barry v Lewis, supra*), and the language of the release evidences no intent to bar a claim for land damages occurring more than eight months after the partial destruction of the dam (see *Pine Drive Assoc. v Town of Oyster Bay*, 11 Misc 2d 924, *supra*). If the parties intended subsequent land damages to be released, "they could readily have expressed such an intent in the instrument" (*Topat Equip. Co. v Porter*, 50 AD2d 1098, 1099). (Appeal from order of Court of Claims—motion to dismiss.) Present—Marsh, P. J., Moule, Cardamone, Mahoney and Dillon, JJ.