■ Vincent E. Arnold et al., Respondents, v New City Condominiums Corp., Appellant. (And a Third-Party Action.) — In an action, *inter alia*, to recover damages for breach of warranty and negligence resulting in damage to property, defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, dated May 31, 1979 and entered in Rockland County, as denied its motion for summary judgment as to all plaintiffs, except that the motion was granted as to the second cause of action of plaintiffs Green. Order affirmed insofar as appealed from, with $50 costs and disbursements. Plaintiffs are purchasers of condominiums constructed by defendant. With the exception of plaintiffs Leslie and Phyllis Green, whose cause of action for breach of warranty was dismissed for lack of privity, plaintiffs signed a contract of sale, incorporating provisions of the prospectus, which, *inter alia*, guaranteed the basement of each unit against leakage or seepage for a period of one year from the date of closing of title of such unit, provided that defendant received written notice of the defect by registered or certified mail. The prospectus further provided that defendant "shall not be responsible for consequential damages, and [defendant's] guarantees and warranties are limited as set forth herein." Defendant also promised to correct defects in the common elements, if it received written notice of the defect within one year from the "date of substantial completion of the defective common element or the date of filing the Declaration of Condominium, whichever is later." Defendant contends that the common elements were substantially completed before January 1, 1972, therefore the date of filing of the declaration of condominium, August 30, 1973, is controlling. Plaintiffs contend that there is an issue of fact as to when the common elements were substantially completed and an affidavit from plaintiff Nicholas Perfito indicates that defendant was still working on the drainage system in January, 1974. Plaintiffs contend that on October 11, 1974 they notified defendant in writing of defects in the drainage system which resulted in the flooding of basements of individual units. After the condominiums were flooded on June 30, 1976, plaintiffs commenced the instant action asserting causes of action for negligence and breach of warranty. Defendant contends that these causes of action are barred by plaintiffs' failure to comply with the notice requirements in the prospectus, which was incorporated into the contract of sale, and by the disclaimer of liability for consequential damages. Defendant also contends that plaintiffs' causes of action are barred by the Statute of Limitations set forth in CPLR 214 (subd 6). Special Term held that the disclaimer and notice requirements were invalid, because those provisions were set forth in print of the same type size and appearance as the rest of the surrounding print, and therefore were not "conspicuously delineated" (see Uniform Commercial Code, § 2-316, subd [2]; *Nassau Suffolk White Trucks v Twin County Tr. Mix Corp.,* 62 AD2d 982). However, article 2 of the Uniform Commercial Code applies to the sale of goods (see Uniform Commercial Code, § 2-102), not to the sale of real property. The disclaimer and notice requirements were legibly displayed, and therefore may not be deemed invalid on this ground (see *Winant v Approved Ladder & Equip. Corp.,* 31 AD2d 965, affd 28 NY2d 529). Disclaimers of liability must be strictly construed (see *Gross v Sweet,* 49 NY2d 102, 108; *Ciofalo v Vic Tanney Gyms,* 10 NY2d 294; *Beardslee v Blomberg,* 70 AD2d 732). To disclaim liability for negligence, the intent of the parties must be expressed in "unmistakable language" (see *Gross v Sweet, supra,* p 107). The disclaimer and notice requirements mention guarantees and warranties, but not negligence. Therefore, those provisions should only be applied to the cause of action for breach of warranty, and not to the cause of action for negligence. With respect to the cause of action for breach of warranty, the notice requirements serve to insulate

defendant from all liability unless defendant received written notice of the defect within one year. However, there is some confusion as to the date of commencement of the one-year period. The prospectus, which was incorporated into the contract of sale, mentions two one-year periods. In the disclaimer against consequential damages for seepage, defendants said it would correct a seepage condition in an individual unit if notified within one year of the date of closing. In another portion of the prospectus, defendant said it would correct any defects in the common elements if notified within one year of completion of the common element or of the filing of the declaration of condominium, August 30, 1973, whichever is later. Plaintiffs' cause of action for breach of warranty probably involves seepage in individual units as well as defects in common elements. The defect in the common elements apparently caused the seepage in the individual units. Since the exculpatory clauses must be strictly construed, the latest of these three dates should be applied. So construed, the one-year period, running from the date of closing at the earliest, is reasonable (see *Staff v Lido Dunes, Inc.,* 47 Misc 2d 322). There is a question of fact as to when the common elements were completed. Therefore, it cannot be determined on this motion for summary judgment whether the notice, purportedly given on October 11, 1974, was timely with respect to some or all of the plaintiffs. On this record, it cannot be said that plaintiffs' causes of action sound in professional malpractice (see *Cubito v Kreisberg,* 69 AD2d 738). Therefore, defendant's claim that the causes of action are barred by the Statute of Limitations set forth in CPLR 214 (subd 6) must be rejected. Finally, we note that plaintiffs did not plead fraud specifically in their complaint (see CPLR 3016, subd [b]). Although plaintiffs alleged on the motion, *inter alia,* that defendant actively concealed a flood condition, which could constitute fraud (see *Haberman v Greenspan,* 82 Misc 2d 263), those allegations are not pleaded in the complaint. Therefore, plaintiffs' complaint does not set forth a cause of action for fraud. Titone, J. P., Gibbons, Margett and O'Connor, JJ., concur.