■ HAROLD ALGER et al., Plaintiffs, v ABELE TRACTOR & EQUIPMENT CO., INC., et al., Defendants, and ARIENS COMPANY, Defendant and Third-Party Plaintiff-Respondent. SPERRY RAND CORPORATION, Third-Party Defendant-Appellant, et al., Third-Party Defendant. — Appeal (1) from an order of the Supreme Court at Special Term (Shea, J.), entered March 23, 1982 in Rensselaer County, which granted third-party plaintiff's motion to dismiss the fourth defense in the answer of third-party defendant Sperry Rand Corporation, and (2) from the judgment entered thereon. Plaintiff Harold Alger was injured on June 21, 1975 while in the employ of the Troy Cemetery Association. He was standing near a stopped garden tractor, manufactured by defendant and third-party plaintiff Ariens Company, when the tractor allegedly jumped forward, knocked him to the ground and ran over the lower part of his body. Subsequently, plaintiffs brought this action to recover money damages for personal injuries and alleged

causes of action in negligence, strict products liability and breach of warranty. Named as defendants were Ariens Company, and Abele Tractor & Equipment Co., Inc., which sold the tractor to the Troy Cemetery Association in June, 1975. Ariens commenced a third-party action against Sperry Rand Corporation and the Troy Cemetery Association on October 4, 1978 seeking indemnification and contribution. In its answer to the third-party action, Sperry Rand alleged as a fourth defense that it had no legal obligation in negligence, warranty or strict liability to Ariens or anyone else pursuant to the terms of an asset purchase agreement which it had entered into with Ariens. Special Term granted Ariens' motion made under CPLR 3211 (subd [b]) to dismiss the fourth defense. Sperry Rand appeals from that order. The order entered at Special Term should be affirmed. Paragraph 4(b) of the asset purchase agreement provided that "the inventory, tooling and drawings" were sold "as is"; that Sperry Rand had good and marketable title to the items sold, and that Sperry Rand made "no warranties, whether of merchantability, fitness or otherwise, express or implied, arising by law or otherwise, as to any of the assets". This language is only a disclaimer of warranties. It contains no reference to negligence. Special Term properly refused to expand this clause to include a waiver of indemnity, for disclaimers of liability are to be strictly construed (see *Gross v Sweet*, 49 NY2d 102, 108; *Ciofalo v Vic Tanney Gyms*, 10 NY2d 294, 296-297; *Arnold v New City Condominiums Corp.*, 78 AD2d 882, mot for lv to app dsmd 53 NY2d 823). "To disclaim liability for negligence, the intent of the parties must be expressed in 'unmistakable language'" (*Arnold v New City Condominiums Corp., supra,* p 882). Thus, when the corporate parties herein, represented by counsel, wished to provide for indemnification, they specifically employed language of indemnification in another provision of the agreement. In *Velez v Craine & Clark Lbr. Corp.* (33 NY2d 117), relied on by Sperry Rand, the Court of Appeals did not, as Sperry Rand urges, say or indicate that a disclaimer of warranty that meets the requirements of subdivision (2) of section 2-316 of the Uniform Commercial Code will also effectively limit liability grounded in negligence or strict products liability. Rather, the court merely indicated that if the parties to a contract chose to insert a waiver of indemnity in the event of tort liability, they were not prevented from doing so. Order and judgment affirmed, with costs. Sweeney, J. P., Kane, Main, Mikoll and Weiss, JJ., concur.