■ PAULINE BROOKS et al., Respondents, v ANGELO'S CLEANERS, Appellant. — Appeal from an order of the County Court of Tompkins County (Friedlander, J.), entered August 11, 1983, which modified a judgment of the Ithaca City Court by affirming said judgment on the issue of liability and remitting the matter for a new trial on the issue of damages. ¶ Plaintiffs alleged that they had sustained damage to their couch and chair pillow covers left with defendant for cleaning. The trial court found that the items were damaged because of the improper dry-cleaning process used by defendant and his failure to ascertain the dry-cleanability of the fabric. He was found liable in negligence. The trial court found damages to be $268 for material to totally recover the entire couch and chair, depreciated by 50%, and $550 for labor. A judgment with tax in the total sum of $731.88 was awarded to plaintiffs. County Court modified the judgment by ordering a new trial on the question of damages. It held that damages "should reflect only the cost of repairs to the cushions actually dry cleaned by defendant". ¶ Defendant contends on this appeal that plaintiff failed to prove its case and that no breach of warranty was established. We find no merit to these contentions. Plaintiffs adduced sufficient evidence to sustain their contention that they delivered cushion covers to defendant for cleaning, that they inquired of defendant whether the covers could be dry cleaned and relied on defendant's assurances that they could. The record indicates that defendant was negligent in using an inappropriate cleaning technique which was counterindicated for the particular fabric. His violation of the ordinary standard of care of the trade constituted negligence and was the proximate cause of plaintiffs' damage. ¶ Defendant's attempt to relieve himself of liability by the inclusion of a disclaimer of responsibility to warrant his work contained on the reverse side of the cleaning ticket was legally ineffective. Plaintiffs were assured by defendant that the pillow covers could be safely dry cleaned. No notice was given to plaintiffs that there was a risk attendant to dry cleaning the covers and that defendant intended to disclaim responsibility for his own negligence. Under such circumstances, the disclaimer was ineffective (*Alger v Abele Tractor & Equip. Co.*, 92 AD2d 677; *Bradley Realty Corp. v State of New York*, 54 AD2d 1104). ¶ We find no merit to the other errors alleged by defendant. In appeals from Small Claims Court, procedural errors do not constitute grounds for reversal if substantive justice is accorded the litigants (see UCCA 1807; *Blair v Five Points Shopping Plaza*, 51 AD2d 167). ¶ Judgment affirmed, with costs. Kane, J. P., Main, Weiss, Mikoll and Levine, JJ., concur.