■ LEEDS PENINSULA PHARMACY, INC., Appellant, v AMERICAN NATIONAL FIRE INSURANCE COMPANY, Respondent.—In an action to recover the proceeds due under an insurance policy, the plaintiff appeals from a judgment of the Supreme Court,

Nassau County (Morrison, J.), entered July 15, 1985, which, upon granting the defendant's motion for summary judgment, dismissed the complaint.

Ordered that the judgment is affirmed, without costs or disbursements.

Two cars collided in the Village of Hewlett on July 22, 1981, and the one driven by Julian Kessler crashed through the front window of the plaintiff's pharmacy, causing considerable damage. The plaintiff filed a claim with the defendant, its insurer, and sued the owners and drivers of both cars for property damage and lost income. It was determined that Kessler caused the accident and his insurer offered to pay $5,000, the limit of its coverage for property damage, in settlement. The plaintiff subsequently received $4,000 ($1,000 was paid to the other driver) from Kessler's insurance carrier and executed a general release, thereafter releasing Kessler from all claims whatsoever without limitation or reservation. The defendant insurer, whose contract with the plaintiff insured contains a subrogation clause providing that "[t]he insured shall do nothing after loss to prejudice [the insurer's subrogation rights]", now denies liability under the insurance policy on the ground that the plaintiff has prejudiced its subrogation rights against Kessler by executing the general release.

The Court of Appeals has held that: "In effecting a settlement of personal injury claims against a third-party tortfeasor arising out of a motor vehicle accident, an insured will be held to have prejudiced the subrogation rights of his insurer unless he establishes by express provision in the release executed to the third party or by necessary implication arising from the circumstances of the execution of the release that the settling parties reserved the rights of the insurer against the third-party tort-feasor or otherwise limited the extent of their settlement to achieve that result" *(Weinberg v Transamerica Ins. Co.,* 62 NY2d 379, 381-382).

The release in question here contains no express provision limiting the extent of the settlement, but the plaintiff contends that it was clear from the circumstances of the execution of the release that the $4,000 payment was intended to cover only the damage to the storefront since the defendant insurer had denied liability for that specific item of damage. However, the record does not support the plaintiff's contention. Having deprived his insurer of its subrogation rights against the tort-feasor Kessler, the plaintiff has breached the

insurance contract and the defendant insurer may disclaim liability *(see, Weinberg v Transamerica Ins. Co., supra)*. Thompson, J. P., Niehoff and Rubin, JJ., concur.

Weinstein, J., dissents and votes to reverse the order appealed from, and deny the motion for summary judgment, with the following memorandum: The letter from the plaintiff's attorney which accompanied the release by which the plaintiff excused the third-party tort-feasors from further liability unequivocally stated that the settlement of $4,000 was "in partial payment only of the storefront claim". The intention of the parties with respect to the purpose of a release which is general in form determines the effect of the instrument and must be considered in light of the circumstances existing at the time of its execution *(see, Bradley Realty Corp. v State of New York,* 54 AD2d 1104, 1105). A search of the record, which is properly undertaken upon a motion for summary judgment (Siegel, NY Prac § 282), reveals a factual dispute as to whether the release in question was intended to be limited to the plaintiff's storefront claims. Accordingly, the disposition of the plaintiff's claim by means of summary judgment was precluded under the circumstances.

I note, furthermore, my disagreement with the majority's application of *Weinberg v Transamerica Ins. Co.* (62 NY2d 379, 382-383), a case involving a settlement of personal injury claims, to the particular facts of this case. It bears noting that in the instant case, prior to the execution of the subject release, the defendant insurer had refused to compensate the plaintiff for damage to the storefront on the ground that the storefront was not the tenant pharmacy's responsibility pursuant to its lease. There is no indication on the record that the defendant retracted its position denying that aspect of the plaintiff's claim. It is well settled that where an insurer has denied liability under a policy, the insured may enter into a settlement with a third party without prejudicing its rights against the insurer *(Prudential Lines v Firemen's Ins. Co.,* 91 AD2d 1, 5; *Bunge Corp. v London & Overseas Ins. Co.,* 394 F2d 496, 497, *cert denied* 393 US 952). In view of the insurer's unequivocal denial of liability with respect to the storefront, the plaintiff's action vis-à-vis the third-party tort-feasor did not impair the insurer's subrogation rights within the meaning of *Weinberg v Transamerica Ins. Co. (supra).* To permit the insurer to deny the claim submitted by its insured and then to preclude that insured from receiving compensation from the party which inflicted the damage on the insured is patently unjust. In order to avoid such an unpalatable result, I vote to

reverse the judgment appealed from and to deny the motion for summary judgment.