■ LENRY FENDLEY et al., Plaintiffs, v POWER BATTERY COMPANY, INC., Defendant and Third-Party Plaintiff-Appellant. AIRWAY TRANSIT MIX, Third-Party Defendant-Appellant; MGM BRAKES, a Division of INDIAN MEAD INDUSTRIES, Third-Party Defendant-Respondent.—Order, Supreme Court, Bronx County (Anita Florio, J.), entered on or about September 11, 1989, which dismissed defendant Power Battery Company, Inc.'s third-party complaint and third-party defendant Airway Transit Mix Corporation's cross claim against third-party defendant MGM Brakes, a Division of Indian Mead Industries, Inc., is unanimously reversed, on the law, and such third-party complaint and cross claim are reinstated, with costs to third-party defendant Airway Transit Mix Corporation.

The action was brought to recover for personal injuries sustained by plaintiff in the course of his employment and allegedly caused by a defective product. Plaintiff sued the company which sold the product to his employer (herein the distributor) for negligence, breach of warranty and strict products liability. The distributor, in turn, impleaded plaintiff's employer, alleging that plaintiff's injuries, if any, were caused by the employer's negligence in supervising plaintiff or failure to provide a safe workplace, and the manufacturer of the product—also the distributor's vendor—alleging that plaintiff's injuries, if any, were caused by the manufacturer's negligence in manufacturing the product or by a defect in the product for which the manufacturer should be held ultimately responsible on theories of both breach of warranty and strict products liability. The employer, in turn, cross-claimed against the manufacturer, alleging that plaintiff's injuries, if any, were caused by the manufacturer's "culpable conduct".

The manufacturer moved to dismiss both the distributor's third-party complaint and the employer's cross claim. As against the distributor's third-party complaint, the motion was based on a clause in the "Distributor Agreement" between the manufacturer and the distributor expressly warranting the product to be free of defects in materials or workmanship,

excluding all other express and implied warranties, and limiting the manufacturer's responsibility for breach of warranty to repair or replacement of the product. This clause, the manufacturer argued, limiting as it does the distributor's remedies against it for a defect in the product to repair and replacement, effectively precludes the instant claim the distributor makes against it for contribution, this notwithstanding that it could have been held liable to plaintiff, a stranger to the Distributor Agreement, had it been sued by plaintiff. As against the employer's cross claim, the manufacturer argued that since the employer purchased the product from the distributor, the employer's right to contribution from the manufacturer should be no greater than the distributor's, so that if the distributor has no cause of action for contribution against the manufacturer, neither should the employer.

IAS granted the motion and dismissed both the distributor's third-party complaint and the employer's cross claim, stating in the course of its decision that "the fact that the main action is for personal injuries [as opposed to economic loss] does not change the effectiveness of the limitation" restricting the remedy available against the manufacturer to others in the chain of distribution to repair and replacement. We disagree and accordingly reverse. It does make a difference that the main action was brought for personal injuries.

Because the main action was brought for personal injuries, it is grounded in tort, and because it is grounded in tort, the party sued has a claim for contribution against its co-tortfeasors *(Board of Educ. v Sargent, Webster, Crenshaw & Folley,* 71 NY2d 21), absent an agreement to relinquish such a claim *(see, Velez v Craine & Clark Lbr. Corp.,* 33 NY2d 117, 125 ["we see no reason why in the absence of some consideration of public policy parties cannot by contract restrict or modify what would otherwise be a liability between them grounded in tort"]). But contracts intended to exculpate a party from the consequences of its own negligence are frowned upon by the law and strictly construed against the party seeking exemption from liability *(Gross v Sweet,* 49 NY2d 102, 106-108); a similar reluctance to enforce exculpatory provisions, and an equally stringent standard of construction, ought to apply no less to liabilities in tort based on strict products liability *(see, Alger v Abele Tractor & Equip. Co.,* 92 AD2d 677) and, what amounts to the same thing, breach of warranty *(see, Board of Educ. v Sargent, Webster, Crenshaw & Folley, supra,* at 28, n 2 [breach of warranty in connection with a defective product that causes injury, as opposed to

economic loss, "is as much a tortious wrong as it is a breach of contract * * *. Indeed, we have recognized that the appellation 'breach of warranty' in product liability cases is misleading"]; *see also, Heller v U.S. Suzuki Motor Corp.,* 64 NY2d 407, 411 ["there is no need to recognize an action on implied warranty for personal injuries, and contend with the serious conceptual problems which arise when it is applied to personal injury actions, if the jurisdiction recognizes a tort action in strict products liability as New York does"]), regardless of whether the warranty be express or implied *(see,* Uniform Commercial Code § 2-318).

The limitation of remedy clause relied on by the manufacturer simply does not measure up to the exacting standard of precision required of provisions intended to exclude a liability grounded in tort. Nowhere does the clause make reference to "personal injuries", "negligence", "strict products liability", or employ other words, such as "consequential damages" *(see,* Uniform Commercial Code § 2-715 [2] [b]), that might serve to suggest even obscurely that the parties were contracting with respect to their liabilities grounded in tort. Indeed, the very placement of the clause under a rider to the Distributor Agreement entitled "Warranty Policy" is itself a strong indication that the parties, insofar as they were limiting their remedies, were doing so only with respect to their liabilities grounded in contract.

The manufacturer's motion to dismiss is utterly without merit insofar as addressed to the cross claim of the employer, a complete stranger to the Distributor Agreement and the purported limitation of remedy contained therein *(Velez v Craine & Clark Lbr. Corp.,* 33 NY2d 117, *supra).* Concur—Rosenberger, J. P., Kassal, Wallach, Smith and Rubin, JJ.