J.H. v 1288 LLC (2019 NY Slip Op 02835)





J.H. v 1288 LLC


2019 NY Slip Op 02835


Decided on April 16, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 16, 2019

Renwick, J.P., Gische, Kapnick, Kern, Moulton, JJ.


9005 24634/16E

[*1]J.H. An Infant under the Age of Fourteen Years, etc., Plaintiff,
v
1288 LLC, et al., Defendants.
1288 LLC, et al., Third-Party Plaintiffs-Respondents,
v
1288 Washington, LLC, et al., Third-Party Defendants, BX Washington LLC, Third-Party Defendant-Appellant.


Ahmuty, Demers & McManus, New York (Frank J. Wenick of counsel), for appellant.
Gallo Vitucci Klar LLP, New York (Kimberly A. Ricciardi of counsel), for respondents.



Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered March 13, 2018, which, to the extent appealed from as limited by the briefs, denied third-party defendant's motion to dismiss the causes of action for common-law indemnity and contribution as against it, unanimously affirmed, without costs.
Plaintiff alleges that he sustained injuries in connection with a bedbug infestation of his apartment. He commenced this action against defendants (collectively, Chestnut), the owners of the building, which brought a third-party action against the former owner (BX). Chestnut alleges that plaintiff's injuries were caused by BX's negligence or breach of contract while BX owned and controlled the building and was responsible for removing the bed bugs from plaintiff's apartment, and that any liability attributed to it, Chestnut, will be purely vicarious, without actual fault on its part. These allegations state a cause of action for common-law indemnity (see 17 Vista Fee Assoc. v Teachers Ins. & Annuity Assn. of Am. , 259 AD2d 75, 81-82 [1st Dept 1999]; Elkman v Southgate Owners Corp. , 246 AD2d 314 [1st Dept 1998]). Chestnut further alleges that, if it is found negligent in fact, the greater or sole responsibility for plaintiff's injuries is attributable to BX, and BX should pay its proportionate share of the judgment. These allegations state a cause of action for contribution (see Fendley v Power Battery Co. , 167 AD2d 260, 261 [1st Dept 1990]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 16, 2019
CLERK