■ JOHN KORONA, Respondent, v STATE WIDE INSURANCE COMPANY, Appellant.—In an action to recover damages for breach of an insurance contract, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Aronin, J.), dated August 8, 1985, as denied its motion for summary judgment.

Order modified, on the law, by deleting the provision thereof which denied that branch of the defendant's motion which was for partial summary judgment dismissing the plaintiff's second cause of action for punitive damages and his cause of action seeking compensatory damages for emotional distress, and substituting therefor a provision granting that branch of the motion. As so modified, order affirmed insofar as appealed from, with costs to the appellant.

The plaintiff commenced this action after he was denied further no-fault benefits by the defendant insurer for his claims under an automobile liability insurance policy. In his complaint, he alleged that the insurer's intentional and wrongful denial of his claims caused him to be denied necessary medical treatment and to suffer serious physical and

psychological injuries. As a result thereof, the plaintiff sought to recover $5,000,000 in compensatory damages and $50,000,-000 in punitive damages. The defendant moved to dismiss the complaint for failure to state a cause of action, and for summary judgment, on the ground that the plaintiff failed to comply with the insurance policy requirements that he submit to certain requested physical examinations, and therefore, there were no genuine issues of fact as to his entitlement to benefits.

It is well established that damages for emotional distress are not recoverable in an action to recover damages for breach of a contract *(Wehringer v Standard Sec. Life Ins. Co.,* 57 NY2d 757; *Fleming v Allstate Ins. Co.,* 106 AD2d 426, *affd* 66 NY2d 838, *cert denied* — US —, 106 S Ct 1493). Contrary to the plaintiff's assertions, "absent a duty upon which liability can be based, there is no right of recovery for mental distress resulting from the breach of a contract-related duty" *(Wehringer v Standard Sec. Life Ins. Co., supra,* p 759).

The plaintiff's allegations are also insufficient to justify an award of punitive damages. As we previously stated in *Fleming v Allstate Ins. Co. (supra,* p 426, quoting from *Walker v Sheldon,* 10 NY2d 401, 405), "it has been consistently held that plaintiffs may not recover such damages without submitting factual allegations that defendant, in its dealings with the general public, engaged in a fraudulent scheme which demonstrates 'such wanton dishonesty as to imply a criminal indifference to civil obligations' ".

Finally, giving the plaintiff the benefit of every possible favorable inference, upon examination of the four corners of the complaint, we find that a cause of action to recover damages for breach of contract has been pleaded *(see, Rovello v Orofino Realty Co.,* 40 NY2d 633, 634; *Fleming v Allstate Ins. Co., supra).* With respect to this cause of action, we agree with Special Term that triable questions of fact exist. If the plaintiff ultimately prevails, he may recover such consequential damages as resulted from the breach of the insurance contract. Mangano, J. P., Gibbons, Bracken and Spatt, JJ., concur.