■ In the Matter of AETNA CASUALTY & SURETY COMPANY, Appellant, v LAWRENCE PERRY, Respondent. [632 NYS2d 31] —In a proceeding pursuant to CPLR article 75 to stay arbitration of an uninsured motorist claim, the petitioner appeals from so

much of an order of the Supreme Court, Nassau County (Di-Noto, J.), entered March 16, 1994, as denied its application for a permanent stay of arbitration.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the petitioner's application for a permanent stay of arbitration is granted.

While stopped at a red light, Lawrence Perry's vehicle was suddenly hit in the rear by another vehicle. While Perry was still shaken, an unidentified individual pointed a gun at him and told him to get out of the car. This individual then drove away in Perry's vehicle. For his physical injuries allegedly sustained in the accident, Perry sought to recover uninsured motorist benefits pursuant to his automobile liability policy issued by the petitioner Aetna Casualty & Surety Company (hereinafter Aetna). Aetna sought to stay arbitration claiming that there was no coverage under its policy because Perry's injuries were the result of intentional conduct, not the result of an accident, as required by the policy. The court disagreed with Aetna and denied Aetna's application to stay arbitration. We now reverse.

Perry's injuries were the result of an intentional assault, not the result of an accident *(see, Matter of Travelers Indem. Co. v Morales,* 188 AD2d 350; *Matter of Kilbride [MVAIC],* 62 Misc 2d 641; *McCarthy v MVAIC,* 16 AD2d 35, *affd* 12 NY2d 922). Accordingly, the incident was not covered under the applicable policy. Bracken, J. P., Rosenblatt, Krausman and Goldstein, JJ., concur.