■ WILLIAM MORRIS, Appellant, v ALLSTATE INSURANCE COMPANY et al., Respondents. [690 NYS2d 102] —In an action, *inter alia,* for a judgment declaring that the defendant Allstate Insurance Company is obligated to defend the defendants Robert Hester and Nathaniel Hester in an underlying action entitled *Morris v Hester,* pending in the Supreme Court, Westchester County, under Index No. 96-16017, the plaintiff appeals, as limited by his brief, from so much of an order and judgment (one paper) of the Supreme Court, Westchester County (Fredman, J.), entered March 9, 1998, as denied his motion for summary judgment and declared that Allstate Insurance Company is not obligated to defend Robert Hester and Nathaniel Hester in the underlying action.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

On September 2, 1995, Nathaniel Hester was a passenger in a vehicle owned by Richard Ingegneri and driven by Matthew Ingegneri. Upon seeing the plaintiff riding his bicycle alongside the highway, Nathaniel Hester leaned out of the moving vehicle, placed his hands on the plaintiff's back, and shoved the plaintiff from his bicycle, causing the plaintiff to fall and

sustain injuries. The plaintiff thereafter demanded that Allstate Insurance Company (hereinafter Allstate) defend Nathaniel Hester and his father, Robert Hester, in the underlying personal injury action pursuant to the automobile insurance policy it had issued to Richard Ingegneri. The plaintiff contends that Nathaniel Hester was a "person using" the vehicle as defined by the policy and that his actions did not amount to intentional conduct.

The Supreme Court correctly concluded that Nathaniel Hester was not an "insured person" under Ingegneri's automobile policy, since he was not "using" the vehicle at the time of the incident (*see, Walton v Lumbermens Mut. Cas. Co.*, 88 NY2d 211; *see also, Matter of Manhattan & Bronx Surface Tr. Operating Auth.*, 71 AD2d 1004). Moreover, despite the plaintiff's allegations to the contrary, Nathaniel Hester's conduct amounted to an intentional act and thus was excluded from coverage under the policy (*see, Allstate Ins. Co. v Mugavero*, 79 NY2d 153; *see also, Panzella v Burns*, 169 AD2d 824). Santucci, J. P., Krausman, H. Miller and Feuerstein, JJ., concur.