■ WESTCHESTER MEDICAL CENTER, Respondent, et al., Plaintiff, v TRAVELERS PROPERTY CASUALTY INSURANCE COMPANY, Appellant. [765 NYS2d 901] —In an action to recover no-fault medical payments under various insurance contracts, the defendant appeals from so much of an order of the Supreme Court, Nassau County (Davis, J.), dated October 1, 2002, as granted that branch of the motion of the plaintiff Westchester Medical Center, as assignee of Aferdita Suljovic, which was for summary judgment on the first cause of action to recover no-fault benefits for the hospitalization and treatment of Aferdita Suljovic and denied that branch of its cross motion which was for summary judgment dismissing the first cause of action.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion of the plaintiff Westchester Medical Center, as assignee of Aferdita Suljovic, which was for summary judgment on the first cause of action is denied, that branch of the defendant's cross motion which was for summary judgment dismissing the first cause of action is granted, and the first cause of action is dismissed.

On August 31, 2000, Aferdita Suljovic, a passenger in a vehicle operated by her husband, was injured when her husband intentionally caused the vehicle to go over an embankment while he exited the driver's side of the vehicle. Mr. Suljovic was indicted, inter alia, for attempted murder and ultimately pleaded guilty to assault in the second degree.

Mrs. Suljovic was hospitalized at Westchester Medical Center (hereinafter WMC). As her assignee, WMC sought to recover no-fault benefits from the defendant, Mr. Suljovic's automobile insurer, for the services it rendered. The defendant issued a denial of coverage on the grounds, insofar as relevant

to this appeal, that the occurrence was not an "accident" within the meaning of the no-fault endorsement in the policy and that Mrs. Suljovic's injuries did not arise out of the "use or operation" of a motor vehicle.

WMC's first cause of action seeks to recover no-fault payments for Mrs. Suljovic's hospitalization and treatment. The Supreme Court granted WMC summary judgment on that cause of action, concluding that Mrs. Suljovic's injuries arose out of the "use or operation" of a motor vehicle. The Supreme Court, however, did not address the issue of whether the occurrence constituted an accident covered by the policy.

Contrary to the defendant's contention, the Supreme Court properly concluded that Mrs. Suljovic's injuries arose out of the "use or operation" of a motor vehicle as the vehicle was a proximate cause of her injuries (cf. *Walton v Lumbermens Mut. Cas. Co.,* 88 NY2d 211, 215 [1996]; *Eagle Ins. Co. v Butts,* 269 AD2d 558, 559 [2000]). However, the defendant correctly contends that her injuries were not caused by an accident. The assault, committed through the use of a vehicle, was an intentional act, not an accident (*see Matter of Metro Med. Diagnostics v Eagle Ins. Co.,* 293 AD2d 751 [2002]; *Matter of Progressive Northwestern Ins. Co. v Van Dina,* 282 AD2d 680 [2001]; *Allstate Ins. Co. v Bostic,* 228 AD2d 628 [1996]; *Matter of Aetna Cas. & Sur. Co. v Perry,* 220 AD2d 497, 498 [1995]; *McCarthy v Motor Veh. Acc. Indem. Corp.,* 16 AD2d 35 [1962], *affd* 12 NY2d 922 [1963]). Consequently, the first cause of action should have been dismissed. Altman, J.P., Florio, Friedmann and Mastro, JJ., concur.