■ In the Matter of LIBERTY MUTUAL INSURANCE COMPANY, Appellant, v ANATOLIY MORGAN, Respondent. IGOR SARKISOV et al., Proposed Additional Respondents. [782 NYS2d 662]—

In a proceeding pursuant to CPLR article 75 to stay arbitration of an uninsured motorist claim, the petitioner appeals (1), as limited by its brief, from so much of a judgment of the

Supreme Court, Kings County (Dowd, J.), dated July 8, 2003, as dismissed the proceeding and directed the parties to proceed to arbitration, and (2) from an order of the same court dated December 16, 2003, which denied its motion for leave to renew and/or reargue.

Ordered that the appeal from so much of the order dated December 16, 2003, as denied that branch of the motion which was for leave to reargue is dismissed, as no appeal lies from an order denying leave to reargue (*see Allen v Potruch,* 282 AD2d 484 [2001]); and it is further,

Ordered that the judgment dated July 8, 2003, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated December 16, 2003, is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the proposed additional respondents Progressive Northern Insurance Company and Sarkis Sarkisov.

The party seeking a stay of arbitration has the burden of showing the existence of sufficient evidentiary facts to establish a preliminary issue which would justify the stay (*see Matter of Eagle Ins. Co. v Viera,* 236 AD2d 612 [1997]; *Matter of Nationwide Mut. Ins. Co. v Sparacino,* 191 AD2d 635 [1993]). We agree with the Supreme Court that the petitioner failed to establish its entitlement to a stay of arbitration in this case. Therefore, the Supreme Court properly dismissed the proceeding and directed the parties to proceed to arbitration of the uninsured motorist claim. Santucci, J.P., Luciano, Schmidt and Rivera, JJ., concur.