■ STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant-Respondent, v JOHN ROBERT LANGAN, Respondent-Appellant. [796 NYS2d 663]—

In an action, inter alia, for a judgment declaring the rights of the parties under an insurance contract, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Parga, J.), entered January 30, 2004, as denied its motion for summary judgment dismissing the defendant's counterclaims and for a declaration that it was not obligated to provide insurance coverage for the injuries sustained by Neil Conrad Spicehandler as the result of a hit-and-run incident on February 12, 2002, and the defendant cross-appeals, as limited by his brief, from so much of the same order as denied his cross motion, inter alia, for summary judgment declaring that the plaintiff was obligated to provide insurance coverage for the injuries sustained by Neil Conrad Spicehandler as the result of a hit-and-run incident on February 12, 2002, and for summary judgment on his third counterclaim.

Ordered that the order is modified, on the law, by deleting the provision thereof denying those branches of the plaintiff's motion which were for summary judgment dismissing the defendant's second counterclaim and those portions of the defendant's first and third counterclaims which seek to recover damages for emotional distress and which request punitive damages and substituting therefor a provision granting those branches of the plaintiff's motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with costs to the plaintiff.

On February 12, 2002, Neil Conrad Spicehandler was struck and injured by a motor vehicle allegedly driven by Ronald Popadich. Spicehandler subsequently died as a result of his injuries. The administrator of Spicehandler's estate, the defendant, John Robert Langan, sought to recover, inter alia, uninsured motorist benefits pursuant to an automobile liability policy issued by the plaintiff, State Farm Mutual Automobile Insurance Company (hereinafter State Farm). After an investigation, State Farm disclaimed coverage under its policy on the

ground that Spicehandler's injuries were the result of intentional conduct and not the result of an accident as required by the policy. Thereafter, State Farm commenced the instant action, inter alia, for a judgment declaring that it was not obligated to provide the coverage sought by the defendant.

Contrary to the defendant's contention, if Spicehandler's injuries and death were the result of an intentional assault or an intentional homicide, then they were not the result of an accident, and the incident is not covered under the applicable policy (see *Matter of Progressive Northwestern Ins. Co. v Van Dina*, 282 AD2d 680 [2001]; *Matter of Aetna Cas. & Sur. Co. v Perry*, 220 AD2d 497, 498 [1995]; *McCarthy v Motor Veh. Acc. Indem. Corp.*, 16 AD2d 35 [1962], *affd* 12 NY2d 922 [1963]). However, in support of its motion for summary judgment, State Farm failed to demonstrate, prima facie, that Popadich intentionally struck Spicehandler. State Farm relied upon mere hearsay and failed to submit admissible proof of the incident's intentional nature (see *P&N Tiffany Props., Inc. v Maron*, 16 AD3d 395 [2005]; *Young v Fleary*, 226 AD2d 454, 455 [1996]; *Borough Hall-Oxford Tobacco Corp. v Central Off. Alarm Co.*, 35 AD2d 523 [1970]; *Greenberg v Prudential Ins. Co.*, 266 App Div 685 [1943]; *Welz v Commercial Travelers Mut. Acc. Assn.*, 266 App Div 668 [1943]). Accordingly, the Supreme Court properly denied that branch of State Farm's motion which was for summary judgment declaring that the incident was not covered under the subject policy (see *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

Similarly, the Supreme Court properly denied that branch of the defendant's cross motion which was for summary judgment declaring that the plaintiff was obligated to provide insurance coverage for the injuries sustained by Spicehandler as the result of a hit-and-run incident on February 12, 2002, because it was not supported by admissible evidence (see *Winegrad v New York Univ. Med. Ctr., supra; Zuckerman v City of New York, supra*). The defendant relied on a police report to establish the accidental nature of the incident, but there is no evidence that the reporting officer witnessed the incident or that the eyewitness referred to in the report had a business duty to report the facts to the officer (see *Holliday v Hudson Armored Car & Courier Serv.*, 301 AD2d 392, 396 [2003]; *Bendik v Dybowski*, 227 AD2d 228 [1996]). Thus, the portion of the police report relied upon by the defendant constituted inadmissible hearsay (see *Almestica v Colon*, 304 AD2d 508 [2003]; *Holliday v Hudson Armored Car & Courier Serv., supra; Coughlin v Bartnick*, 293 AD2d 509,

511 [2002]; *Dennis v Capital Dist. Transp. Auth.*, 274 AD2d 802, 803 [2000]; *Urbano v Plaza Materials Corp.*, 262 AD2d 307, 308 [1999]; *Gomes v Courtesy Bus Co.*, 251 AD2d 625, 626 [1998]; *Bendik v Dybowski, supra*).

However, the Supreme Court erred in denying that branch of State Farm's motion which was for summary judgment dismissing the defendant's second counterclaim. The first and second counterclaims both allege that State Farm breached its insurance contract by wrongfully denying coverage. Since the second counterclaim is duplicative of the first counterclaim, it should have been dismissed (*see New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 315-320 [1995]; *Hassett v New York Cent. Mut. Fire Ins. Co.*, 302 AD2d 886, 887 [2003]; *Paull v First UNUM Life Ins. Co.*, 295 AD2d 982, 984 [2002]). In addition, the defendant's counterclaims are insufficient to warrant punitive damages and damages for emotional distress (*see Rocanova v Equitable Life Assur. Socy. of U.S.*, 83 NY2d 603, 613 [1994]; *Hess v Nationwide Mut. Ins. Co.*, 273 AD2d 689, 690-691 [2000]; *Bread Chalet v Royal Ins. Co.*, 224 AD2d 650, 651 [1996]; *Warhoftig v Allstate Ins. Co.*, 199 AD2d 258, 259 [1993]; *Kanapaska v Prudential Prop. & Cas. Ins. Co.*, 122 AD2d 935 [1986]; *Korona v State Wide Ins. Co.*, 122 AD2d 120, 121 [1986]; *Fleming v Allstate Ins. Co.*, 106 AD2d 426 [1984], *affd* 66 NY2d 838 [1985], *cert denied* 475 US 1096 [1986]). Accordingly, the defendant's demand for such damages should have been stricken from the remaining counterclaims.

The parties' remaining contentions are without merit. S. Miller, J.P., Goldstein, Crane and Lifson, JJ., concur.