◼ Met Life Auto & Home, Respondent, v Emanuel Kalendarev, Appellant. GEICO Insurance Company et al., Proposed Additional Respondents. [865 NYS2d 108]—

In a proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration of an uninsured motorist claim, Emanuel Kalendarev appeals from an order of the Supreme Court, Queens County (Rios, J.), dated May 18, 2007, which granted that branch of the petition which was for a permanent stay of arbitration.

Ordered that the order is affirmed, with one bill of costs.

The appellant, while a pedestrian on the sidewalk, allegedly was injured when a vehicle being driven by nonparty Rotem Balila and insured by the proposed additional respondent GEICO Insurance Company (hereinafter GEICO) jumped the curb and struck him and several others. Balila subsequently pleaded guilty to assault in the first degree arising from the incident, admitting that the appellant was his intended target. GEICO disclaimed coverage for the incident based on the intentional conduct of the insured. The appellant thereafter demanded arbitration of a claim for uninsured motorist benefits from his own insurer, the petitioner Met Life Auto & Home (hereinafter Met Life). Met Life commenced this proceeding, inter alia, for a permanent stay of arbitration. We affirm the grant of that relief.

The appellant's injuries were not the result of an accident and, therefore, he was not entitled to uninsured motorist benefits under the subject insurance policy (see State Farm Mut. Auto. Ins. Co. v Langan, 55 AD3d 281 [2008] [decided herewith]; Westchester Med. Ctr. v Travelers Prop. Cas. Ins. Co., 309 AD2d 927 [2003]; Matter of Progressive Northwestern Ins. Co. v Van Dina, 282 AD2d 680 [2001]; Matter of Aetna Cas. & Sur. Co. v Perry, 220 AD2d 497 [1995]). The appellant's arguments to the contrary are either not properly before this Court or without merit. Thus, a permanent stay of arbitration was properly granted. Mastro, J.P., Ritter, Carni and McCarthy, JJ., concur.