■ In the Matter of AMERICAN PROTECTION INSURANCE COMPANY, Appellant, v JOHN DEFALCO, Respondent. [877 NYS2d 450]—

In a proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration of a claim for underinsured motorist benefits, the petitioner appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Martin, J.), entered October 1, 2008, as denied its petition to permanently stay arbitration or, in the alternative, to temporarily stay arbitration pending a framed-issue hearing on the issue of coverage under the subject insurance policy.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the petition which was to temporarily stay arbitration of the claim for underinsured motorist benefits pending a framed-issue hearing is granted, and the matter is remitted to the Supreme Court, Nassau County, for a framed-issue hearing in accordance herewith, and for a new determination thereafter on that branch of the petition which was to permanently stay arbitration.

On January 29, 2003, John J. DeFalco, a Suffolk County Police Officer, pursued a vehicle driven by Julia Bell. After Bell pulled over and brought her vehicle to a stop, she then put her vehicle in reverse and collided with DeFalco's patrol car. Ultimately, Bell was placed under arrest. DeFalco claimed that he sustained personal injuries during the course of this incident. In February 2008, after DeFalco had commenced and settled an action to recover damages against Bell, he sought supplementary underinsured motorist (hereinafter SUM) benefits from the petitioner, American Protection Insurance Company (hereinafter American), the company which insured DeFalco's personal vehicle on the date of the subject incident. When American disclaimed coverage, DeFalco demanded arbitration of his claim for SUM benefits. American thereafter commenced this proceeding seeking a permanent stay of the arbitration or, in the alternative, a temporary stay of arbitration pending a framed-issue hearing on the issue of coverage under the relevant insurance policy. American argued that there were factual issues as to whether the collision of the vehicles resulted in a covered accident or constituted an uncovered deliberate act on Bell's part. American also argued that there was an issue of fact as to whether DeFalco's injuries arose from the "use and operation" of an underinsured motor vehicle, as opposed to a postcollision scuffle or altercation with Bell in the course of her arrest, and

whether DeFalco was "occupying" the vehicle when he was injured.

SUM benefits are not recoverable if the injuries were intentionally caused and not the result of an accident (*see State Farm Mut. Auto. Ins. Co. v Langan*, 55 AD3d 281 [2008]; *Met Life Auto & Home v Kalendarev*, 54 AD3d 830 [2008]; *Matter of Allstate Ins. Co. v Massre*, 14 AD3d 610, 611 [2005]). It is also clear that DeFalco would not be entitled to SUM benefits under the American policy if he was not "occupying" a vehicle when he was injured. Thus, the occurrence of an accident and the "occupation" of a vehicle are conditions precedent to SUM coverage herein.

"The party seeking a stay of arbitration has the burden of showing the existence of sufficient evidentiary facts to establish a preliminary issue which would justify the stay" (*Matter of Liberty Mut. Ins. Co. v Morgan*, 11 AD3d 615, 616 [2004]; *see Matter of Eagle Ins. Co. v Viera*, 236 AD2d 612 [1997]). Here, American submitted documentary evidence which indicated that DeFalco's injuries did not arise from the "use or operation" of a vehicle. Although DeFalco submitted an affidavit in opposition to the petition, wherein he claimed that his injuries occurred when he was exiting his vehicle as it was struck by the Bell vehicle, this description contrasted with his prior statement, recorded in a "Suffolk County Police Department Injured Employee Report," in which he stated that he was injured "while attempting to subdue and place a violently struggling suspect [Bell] under arrest." At the very least, the two explanations of how DeFalco incurred his injuries raise a question as to his credibility, and thus a framed-issue hearing on the issue of coverage is warranted (*see Matter of Eagle Ins. Co. v Lucia*, 33 AD3d 552 [2006]; *Matter of Travelers Prop. Cas. Co. v Landau*, 27 AD3d 477 [2006]).

Similarly, American submitted documentary evidence which indicated that the collision could have been the result of an intentional act on Bell's part. Although this same evidence may be consistent with a conclusion that the collision was accidental, under all of the circumstances presented, American met its burden of tendering evidence sufficient to warrant a framed-issue hearing with respect to this issue as well (*see Matter of Country-Wide Ins. Co. [Law]*, 97 AD2d 699 [1983]). Mastro, J.P., Skelos, Santucci and Hall, JJ., concur.