■ In the Matter of AMERICAN MANUFACTURERS MUTUAL INSURANCE COMPANY, Respondent, v BRIAN BURKE, Appellant. [880 NYS2d 164]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for uninsured motorist benefits, the appeal is from (1) an order of the Supreme Court, Dutchess County (Dolan, J.), dated July 17, 2008, which granted the petition to permanently stay the arbitration, and (2) a judgment of the same court entered July 28, 2008, which permanently stayed the arbitration.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the petitioner is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]; *Ilardi v Inte-Fac Corp.*, 290 AD2d 490 [2002]).

In 2002 the appellant, a police officer, was seriously injured when a vehicle he stopped in the course of an investigation, operated by nonparty Lori Elmendorf, accelerated while he was partially inside the vehicle. At a subsequent criminal proceeding, Elmendorf pleaded guilty to assault in the second degree, admitting that she intentionally drove even though the appellant was struggling with her and the steering wheel.

Since the appellant had an automobile insurance policy issued by the petitioner insurer, he filed an uninsured motorist claim for the incident, which the insurer disclaimed. The appellant thereafter demanded arbitration of the uninsured motorist claim from the insurer, who in turn commenced this proceeding for a permanent stay of that arbitration. The Supreme Court granted a permanent stay of arbitration, finding that the incident emanated from intentional conduct and not negligence. We affirm.

Given that the appellant's injuries were not the result of an accident, he was not entitled to uninsured motorist benefits under the subject insurance policy (*see State Farm Mut. Auto. Ins. Co. v Langan,* 55 AD3d 281, 283 [2008]; *Met Life Auto & Home v Kalendarev,* 54 AD3d 830, 831 [2008]; *State Farm Mut. Auto. Ins. Co. v Langan,* 18 AD3d 860, 862 [2005]; *Matter of Allstate Ins. Co. v Massre,* 14 AD3d 610 [2005]; *Westchester Med. Ctr. v Travelers Prop. Cas. Ins. Co.,* 309 AD2d 927 [2003]; *Matter of Progressive Northwestern Ins. Co. v Van Dina,* 282 AD2d 680 [2001]; *Matter of Aetna Cas. & Sur. Co. v Perry,* 220 AD2d 497 [1995]). The appellant's arguments to the contrary lack merit (*see Markevics v Liberty Mut. Ins. Co.,* 97 NY2d 646, 648-649 [2001]; *Central Gen. Hosp. v Chubb Group of Ins. Cos.,* 90 NY2d 195, 200 [1997]; *Matter of Government Empls. Ins. Co. v Spence,* 23 AD3d 466, 467 [2005]). Accordingly, the Supreme Court providently granted a permanent stay of arbitration. Mastro, J.P., Covello, Balkin and Austin, JJ., concur.