██ In the Matter of TRAVELERS INDEMNITY COMPANY, Appellant, v DENISE RICHARDS-CAMPBELL et al., Respondents, and LINCOLN GENERAL INSURANCE COMPANY et al., Respondents. [901 NYS2d 667]—

In a proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration of a claim for uninsured motorist benefits, the petitioner appeals, as limited by its brief, from so much of an order of the Supreme Court, Orange County (Owen, J.), entered May 4, 2009, as, upon granting renewal, in effect, adhered to the original determination in an order of the same court dated August 15, 2008, denying that branch of the petition which was to permanently stay arbitration, and thereupon dismissed the proceeding.

Ordered that the order entered May 4, 2009, is reversed insofar as appealed from, on the law, with costs, upon renewal, so much of the order dated August 15, 2008, as denied that branch of the petition which was to permanently stay arbitration is vacated, that branch of the petition is granted, and the matter is remitted to the Supreme Court, Orange County, for the entry of an appropriate judgment.

This proceeding arises out of an incident in which the ad-

ditional respondent Jamille Andrews, while driving an automobile owned by the additional respondent Cheryl P. Holt, intentionally struck three siblings, the respondents, Shekenah Campbell, Shadrach Campbell and Shekeila Campbell (hereinafter collectively the Campbells), allegedly causing them to sustain injuries. After criminal charges were filed against Andrews for hitting the Campbells, Andrews pleaded guilty to three counts of assault in the second degree arising from the incident, admitting that she intentionally struck the Campbells.

Since the offending vehicle owned by Holt was covered under an automobile liability insurance policy issued by the additional respondent Lincoln General Insurance Company (hereinafter Lincoln), the Campbells sought coverage for the incident from Lincoln, which disclaimed coverage based on Andrews's intentional conduct. The Campbells then sought to recover uninsured motorist benefits for the incident as insured relatives under the automobile insurance policy of their mother, the respondent Denise Richards-Campbell, underwritten by the petitioner, Travelers Indemnity Company (hereinafter Travelers). Travelers also disclaimed coverage.

The Campbells thereafter demanded arbitration of the uninsured motorist claim from Travelers, which, in turn, commenced this proceeding, inter alia, to permanently stay arbitration. In the order appealed from, the Supreme Court, upon renewal, in effect, adhered to a prior determination denying the petition, inter alia, to permanently stay arbitration, and thereupon dismissed the proceeding. We reverse.

The Supreme Court correctly determined that Lincoln was not obligated to provide coverage under its automobile insurance liability policy, given that the Campbells' injuries were not the result of an accident, but rather, of an intentional criminal act by Andrews (*see Matter of American Mfrs. Mut. Ins. Co. v Burke*, 63 AD3d 732, 733 [2009]; *State Farm Mut. Auto. Ins. Co. v Langan*, 55 AD3d 281, 283 [2008]; *Met Life Auto & Home v Kalendarev*, 54 AD3d 830, 831 [2008]; *State Farm Mut. Auto. Ins. Co. v Langan*, 18 AD3d 860, 862 [2005]). However, the Supreme Court improperly determined, in effect, that Travelers was obligated to provide uninsured motorist benefits under its policy with the Campbells (*see McCarthy v Motor Veh. Acc. Indem. Corp.*, 16 AD2d 35, 42 [1962], *affd no op* 12 NY2d 922 [1963]).

The record reveals that Travelers properly disclaimed the Campbells' claim for uninsured motorist benefits under the subject insurance policy by establishing that their bodily injuries were caused by Andrews's intentional criminal acts (*see Matter*

*of American Mfrs. Mut. Ins. Co. v Burke*, 63 AD3d at 733; *Westchester Med. Ctr. v Travelers Prop. Cas. Ins. Co.*, 309 AD2d 927, 928 [2003]; *Matter of Progressive Northwestern Ins. Co. v Van Dina*, 282 AD2d 680 [2001]; *Matter of Aetna Cas. & Sur. Co. v Perry*, 220 AD2d 497 [1995]), and that the offending vehicle was not an "uninsured motor vehicle" within the terms of the policy (*McCarthy v Motor Veh. Acc. Indem. Corp.*, 16 AD2d at 46). Accordingly, the Supreme Court should have upheld Travelers' disclaimer and granted that branch of the petition which was to permanently stay arbitration. Fisher, J.P., Balkin, Roman and Sgroi, JJ., concur.