In the Matter of EVEREADY INSURANCE COMPANY, Respondent, v MOÑISE VILMOND, Appellant, and GEICO INDEMNITY COMPANY et al., Proposed Respondents. [904 NYS2d 672]—

In a proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration of a claim for underinsured motorist benefits, Monise Vilmond appeals from an order of the Supreme Court, Queens County (Rios, J.), dated August 10, 2009, which granted that branch of the petition which was to permanently stay arbitration.

Ordered that the order is reversed, on the law, with costs, and that branch of the petition which was to permanently stay arbitration is denied.

On June 28, 2006, the appellant, Monise Vilmond, was injured in a motor vehicle accident with a third party's vehicle which was insured under a policy of insurance issued by American Vehicle Insurance (AVI). Vilmond reached an agreement with AVI for its policy limit of $10,000, and then sought approval from her insurer, Eveready Insurance Company (hereinafter Eveready), to settle the case with AVI. Prior to receiving such approval, Vilmond's attorneys accepted and negotiated a settlement check in the sum of $10,000 from AVI. However, Vilmond never executed a release regarding her lawsuit against the third

party. Vilmond thereafter sought arbitration of her claim for underinsurance motorist benefits pursuant to her Eveready policy, and Eveready brought this petition, inter alia, to permanently stay the arbitration. The Supreme Court granted that branch of the petition which was to permanently stay arbitration, concluding, among other things, that the negotiation of the settlement check "constituted an accord and satisfaction of [Vilmond's] claim in violation of the policy." We disagree.

Since there is no proof that Vilmond ever executed a release regarding her lawsuit against the third party, she did not violate the terms of her policy or prejudice Eveready's subrogation rights (*see Weinberg v Transamerica Ins. Co.*, 62 NY2d 379, 382-383 [1984]; *see also* 11 NYCRR 60-2.3 [f]; *Matter of Central Mut. Ins. Co. [Bemiss]*, 12 NY3d 648 [2009]; *Matter of American Home Assur. Co. v Williams*, 282 AD2d 674 [2001]; *Leeds Peninsula Pharm. v American Natl. Fire Ins. Co.*, 125 AD2d 551 [1986]). Nor did Eveready, as the party seeking a stay of arbitration, otherwise meet its burden "of showing the existence of sufficient evidentiary facts to establish a preliminary issue which would justify the stay" (*Matter of Liberty Mut. Ins. Co. v Morgan*, 11 AD3d 615, 616 [2004]; *see also Matter of American Protection Ins. Co. v DeFalco*, 61 AD3d 970 [2009]; *Matter of Eagle Ins. Co. v Viera*, 236 AD2d 612 [1997]).

Accordingly, the Supreme Court erred in granting that branch of the petition which was to permanently stay arbitration. Prudenti, P.J., Rivera, Santucci and Miller, JJ., concur.