NATIONWIDE GENERAL INSURANCE COMPANY, Respondent, v JEROME PONTOON, Respondent. GOVERNMENT INDEMNITY COMPANY, Proposed Respondent-Appellant, et al., Proposed Respondent. [999 NYS2d 482]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for uninsured motorist benefits, the proposed additional respondent Government Indemnity Company appeals from an order of the Supreme Court, Kings County (Archer, Ct. Atty. Ref.), dated April 10, 2013, which granted the petition.

Ordered that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Kings County, for the completion of a framed-issue hearing in accordance herewith, and for a new determination of the petition thereafter.

The respondent Jerome Pontoon alleged that he was injured while riding as a passenger in a vehicle operated by nonparty Davon J. Nelson, when the vehicle in which he was traveling sideswiped a vehicle owned and operated by Monique L. Robinson.

Robinson's vehicle was covered under an automobile liability insurance policy issued by the proposed additional respondent Government Indemnity Company (hereinafter GEICO). Pontoon sought coverage for the incident from GEICO. GEICO disclaimed coverage on the ground, inter alia, that the collision was staged, and thus resulted from an intentional act. Pontoon then sought arbitration under the uninsured motorist provision of Nelson's policy, which was issued by Nationwide General Insurance Company (hereinafter Nationwide). Nationwide initiated this proceeding under CPLR article 75 seeking to permanently stay the arbitration on the ground that GEICO was required to provide coverage for Pontoon's injuries, and thus Robinson was not "uninsured."

A framed-issue hearing on the validity of GEICO's disclaimer commenced on January 9, 2013, before a referee. The referee suspended the hearing and asked the parties to provide written submissions and orally argue the question of whether GEICO would be obligated to provide coverage for Pontoon's injuries under the automobile liability policy if Pontoon was not involved in the alleged staging of the collision. After supplying the referee with written submissions, the parties appeared before her on February 4, 2013, to orally argue the issue. At the close of oral arguments, the referee did not make a ruling on the issue. She directed that the hearing continue with respect to the question of whether GEICO validly disclaimed coverage based on the collision being staged, and set the matter down for April 10, 2013. However, the hearing never resumed on April 10, 2013. Instead, on that date, the referee issued the order appealed from, which granted Nationwide's petition and directed GEICO to provide coverage under the policy, "as no proof was submitted that Pontoon was an active participant in the alleged staged accident." GEICO appeals.

The referee incorrectly concluded that GEICO was required to submit evidence that Pontoon was involved in staging the collision in order to support a disclaimer of coverage. Contrary to the referee's conclusion, if GEICO can prove that the collision was staged by Robinson, its insured, it would not be obligated to provide coverage under the policy regardless of whether Pontoon was an innocent third party (*see Matter of Travelers Indem. Co. v Richards-Campbell*, 73 AD3d 1076, 1077 [2010]; *Matter of Government Empls. Ins. Co. v Shaulskaya*, 302 AD2d 522, 523 [2003]; *Morris v Allstate Ins. Co.*, 261 AD2d 457, 458 [1999]; *see also Matter of Liberty Mut. Ins. Co. v Goddard*, 29 AD3d 698, 699 [2006]; *State Farm Mut. Auto. Ins. Co. v Laguerre*, 305 AD2d 490, 491 [2003]). Since GEICO did not have occasion to present all of its evidence on this issue, we must remit the matter to the Supreme Court, Kings County, for the completion of the framed-issue hearing and a new determination thereafter. Mastro, J.P., Roman, Sgroi and Maltese, JJ., concur.