Adirondack Ins. Exch. v Rodriguez (2023 NY Slip Op 02095)

Adirondack Ins. Exch. v Rodriguez

2023 NY Slip Op 02095

Decided on April 26, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 26, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2020-08032
 (Index No. 610657/18)

[*1]Adirondack Insurance Exchange, et al., respondents,
v
Alias Rodriguez, et al., defendants, First Spine Chiropractic of NY, P.C., et al., appellants.

The Rybak Firm, PLLC, New York, NY (Damin J. Toell of counsel), for appellants.
McDonnell Adels & Klestzick, PLLC, Garden City, NY (Michael J. Giordano of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, for a judgment declaring that the plaintiffs are not obligated to pay certain no-fault claims, the defendants First Spine Chiropractic of NY, P.C., FJL Medical Services, P.C., JFL Medical Care, P.C., Jules Francois Parisien, Longevity Medical Supply, Inc., and NYC Madison Avenue Medical, P.C., appeal from an order and judgment (one paper) of the Supreme Court, Nassau County (Antonio I. Brandveen, J.), entered May 1, 2020. The order and judgment, insofar as appealed from, granted that branch of the plaintiffs' motion which was for summary judgment on the complaint insofar as asserted against those defendants, and declared that certain motor vehicle collisions were intentional and that the plaintiffs are not obligated to pay certain no-fault claims related to those collisions.
ORDERED that the order and judgment is affirmed insofar as appealed from, with costs.
In August 2018, the plaintiffs, both automobile insurance carriers, commenced this action, inter alia, for a judgment declaring that certain collisions involving insured motor vehicles were intentional acts and that they therefore had no duty to pay no-fault claims relating to those collisions. On July 29, 2019, the Supreme Court entered a judgment on default against a number of the defendants, including the insured individuals, and declared, among other things, that the collisions were intentional acts, and the plaintiffs had no duty to pay related no-fault claims.
Thereafter, the plaintiffs moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants First Spine Chiropractic of NY, P.C., FJL Medical Services, P.C., JFL Medical Care, P.C., Jules Francois Parisien, Longevity Medical Supply, Inc., and NYC Madison Avenue Medical, P.C. (hereinafter collectively the appellants). In an order and judgment entered May 1, 2020, the Supreme Court, inter alia, granted that branch of the plaintiffs' motion and declared that the collisions were intentional acts and that the plaintiffs were not obligated to pay the no-fault claims the appellants submitted to them relating to the collisions. This appeal ensued.
The appellants failed to demonstrate that the plaintiffs' motion was premature since they failed to identify any evidence within the plaintiffs' exclusive control which was essential to their defense. Instead, the appellants were merely hopeful that further discovery would lead to evidence which would support their opposition to the motion (see CPLR 3212[f]; Santiago v City [*2]of New York, 191 AD3d 715; Blake v City of New York, 148 AD3d 1101). Accordingly, the appellants failed to establish that the motion should be denied on that basis.
An intentionally caused or staged vehicular collision is not a covered accident under an insurance policy (see National Gen. Ins. Online, Inc. v Blasco, 210 AD3d 786). When a collision is intentionally caused, the insurer is not obligated to provide coverage, even to innocent third parties (see Nationwide Gen. Ins. Co. v Pontoon, 123 AD3d 1040). Here, the plaintiffs demonstrated their prima facie entitlement to judgment as a matter of law by proffering evidence that the collisions were intentional. Specifically, the plaintiffs proffered evidence that the insured individuals procured the subject insurance policies fraudulently and that the collisions occurred under similar circumstances. In both collisions, the insured individuals were not in the insured vehicles at the relevant time, the insured vehicles struck a UPS truck while exiting a parking space, the individuals involved in the collisions were all closely interrelated, and all of the individuals allegedly injured in the collisions sought treatment from the same healthcare providers. In opposition, the appellants failed to raise a triable issue of fact.
The appellants also failed to establish that the plaintiffs' evidence was inadmissible. The plaintiffs met their burden to support their motion with admissible evidence by including affidavits from witnesses personally knowledgeable about material facts (see CPLR 3212[b]; Bank of N.Y. Mellon v Gordon, 171 AD3d 197). The witnesses also laid appropriate foundations for certain business records (see CPLR 4518[a]; U.S. Bank N.A. v Zakarin, 208 AD3d 1275; Bank of N.Y. Mellon v Gordon, 171 AD3d 197). Accordingly, the Supreme Court properly granted that branch of the plaintiffs' motion which was for summary judgment on the complaint insofar as asserted against the appellants and declared that the collisions were intentional and the plaintiffs were not obligated to pay no-fault claims relating to the collisions.
In light of the foregoing, we need not reach the appellants' remaining contention.
BRATHWAITE NELSON, J.P., RIVERA, FORD and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court