Matter of Liberty Mut. Ins. Co. v McCormack (2025 NY Slip Op 04571)

Matter of Liberty Mut. Ins. Co. v McCormack

2025 NY Slip Op 04571

Decided on August 6, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 6, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
CARL J. LANDICINO
JAMES P. MCCORMACK, JJ.

2023-04957
 (Index No. 517925/22)

[*1]In the Matter of Liberty Mutual Insurance Company, respondent, 
v
Kerio McCormack, appellant.

Mallilo & Grossman, Flushing, NY (Stephen M. Grossman of counsel), for appellant.
Gilbert, McGinnis & Liferiedge (Mauro Lilling Naparty LLP, Woodbury, NY [Matthew W. Naparty, Margaret E. Greco, and Glenn A. Kaminska], of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration of a claim for supplemental uninsured motorist benefits, Kerio McCormack appeals from an order of the Supreme Court, Kings County (Carolyn E. Wade, J.), dated April 18, 2023. The order granted that branch of the petition which was to permanently stay arbitration and permanently stayed arbitration.
ORDERED that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Kings County, for a framed-issue hearing to be conducted in accordance herewith, and a new determination thereafter of that branch of the petition which was to permanently stay arbitration.
In June 2022, the petitioner, Liberty Mutual Insurance Company (hereinafter Liberty Mutual), commenced this proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration of a claim of Kerio McCormack for supplemental uninsured motorist benefits (hereinafter SUM), on the ground that McCormack did not qualify as an insured under the SUM endorsement of the insurance policy at issue. McCormack opposed. In an order dated April 18, 2023, the Supreme Court granted that branch of the petition and permanently stayed arbitration. McCormack appeals. We reverse.
"The party seeking a stay of arbitration has the burden of showing the existence of sufficient evidentiary facts to establish a preliminary issue which would justify the stay" (Matter of American Protection Ins. Co. v DeFalco, 61 AD3d 970, 972 [internal quotation marks omitted]). "Thereafter, the burden shifts to the party opposing the stay to rebut the prima facie showing" (Matter of Merchants Preferred Ins. Co. v Waldo, 125 AD3d 864, 865). "Where a triable issue of fact is raised, the Supreme Court, not the arbitrator, must determine it in a framed-issue hearing, and the appropriate procedure under such circumstances is to temporarily stay arbitration pending a determination of the issue" (Matter of Hertz Corp. v Holmes, 106 AD3d 1001, 1003; see Matter of Government Empls. Ins. Co. v Tucci, 157 AD3d 679, 680).
Here, Liberty Mutual presented evidence that McCormack did not qualify as an insured for SUM coverage. In opposition, however, McCormack demonstrated the existence of a triable issue of fact as to whether he was occupying a vehicle insured by Liberty Mutual at the time of the collision at issue and therefore would qualify as an insured (see Matter of American Protection Ins. Co. v DeFalco, 61 AD3d at 972).
Accordingly, the Supreme Court should not have granted that branch of Liberty Mutual's petition which was to permanently stay arbitration without first conducting a framed-issue hearing to determine whether McCormack was occupying the insured vehicle such that he would constitute an insured as that term is defined in the SUM endorsement of the insurance policy at issue.
In light of our determination, McCormack's remaining contention need not be reached.
DUFFY, J.P., WOOTEN, LANDICINO and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court